# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | No. 07 C 4041 |
| v. | ) | |
| | ) | |
| CLARENCE HENDRIX, | ) | Judge Thomas M. Durkin |
| | ) | |
| Petitioner. | ) | |

## MEMORANDUM OPINION & ORDER

Before the Court is petitioner Clarence Hendrix's motion for a reduction of his sentence under 18 U.S.C. § 3582(c) and to reopen his § 2255 petition. R. 13. For the following reasons, Hendrix's motion is denied.

## Background

In September 2004, Hendrix was charged in a superseding indictment with two counts of distributing a controlled substance in violation of 21 U.S.C. § 841(a)(1). Hendrix pleaded not guilty. The government filed a prior felony information under 21 U.S.C. § 851 before trial, which resulted in a mandatory-minimum sentence of 240 months.

In May 2005, a jury convicted Hendrix on Count 1, which charged him with distribution of approximately 53.7 grams of crack cocaine, and acquitted Hendrix on Count 2, which charged him with possession with intent to distribute approximately

1

61.5 grams of cocaine. The court sentenced Hendrix to the mandatory-minimum sentence of 240 months.

In imposing its sentence, the court found that Hendrix's combined offense level was 32, and his prior criminal conduct placed him in criminal history category II. This resulted in a guideline range of 135 months to 165 months.

Hendrix has served over 12 years of his 240-month (or 20 year) sentence. Since being incarcerated, Hendrix represents that he has held a number of work assignments and has completed courses in computer skills training, essay writing, OSHA rules and regulations, commercial electrical appliances, facilities and maintenance, as well as a 2000-hour housekeeping apprenticeship. Hendrix states that he has accrued eight infractions over the course of his incarceration for using other inmates' phone accounts to make phone calls, as well as five other non-violent infractions.

**Analysis**

In his motion, Hendrix argues that his sentence was disproportionately severe given the likelihood of him receiving a lower sentence under current sentencing guidelines and under Department of Justice policy. Hendrix previously sought and was denied relief on his § 2255 proceeding on November 10, 2008. Hendrix now seeks to reopen his § 2255 proceeding, but Hendrix has not received permission to file a successive petition from the Seventh Circuit. Without authorization from the Seventh Circuit, the Court lacks jurisdiction to hear a second or successive § 2255 motion. 28 U.S.C. § 2255(h).

The Court also lacks jurisdiction to consider Hendrix's motion for a reduction of sentence under 18 U.S.C. § 3582(c). Generally, a district court does not have the power to modify a final sentence except: (1) upon a motion by the Director of the Bureau of Prisons; (2) on its own motion if the applicable sentencing guidelines have been reduced; or (3) pursuant to Rule 35 of the Federal Rules of Criminal Procedure. *See* 18 U.S.C. § 3582(c); *see, e.g.*, *Whitt v. United States*, 2017 WL 5257709, at *2 (N.D. Ind. Nov. 13, 2017). Rule 35 allows a final sentence to be modified only if: "(1) it has been vacated and remanded; (2) the government moves to reduce it; or (3) the district court acts within seven days of the original sentence." *Id*. Hendrix does not allege any of these exceptions. In particular, he does not allege any retroactive change to the sentencing guidelines that would warrant a reduction in his sentence.

Hendrix nevertheless asks the Court to reduce his sentence in the "interest of fairness," R. 18 at 2, under the Eastern District of New York's decision in *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014). *See* R. 18 at 1 (Hendrix characterizing his motion as a "Holloway Doctrine Motion"). Holloway was convicted of three counts of carjacking and three corresponding counts for using a firearm during a crime of violence under 18 U.S.C. § 924(c). *Holloway*, 68 F. Supp. 3d at 312. The district court imposed a 151-month sentencing guidelines term for the carjacking counts, as well as mandatory consecutive sentences on the three § 924(c) counts: a mandatory 5 years for the first count; a mandatory 20 years for the second count; and a mandatory 20 years for the third count. *Id.* at 312-13. Holloway's total

3

sentence amounted to 57 years and 7 months. *Id.* at 312-13. The Second Circuit and the United States Supreme Court affirmed Holloway's convictions and sentence. *Id.* at 313. His § 2255 petition and request with the Second Circuit to file a successive § 2255 petition were both denied. *Id.* at 313-14.

Approximately twenty years into Holloway's sentence, he moved to reopen his § 2255 petition under Rule 60(b) of the Federal Rules of Civil Procedure. *Id.* at 314. The district court recognized that it did not have any legal avenues to vacate the defendant's sentence. *Id.* But the court nevertheless issued an order requesting that the prosecutor "consider exercising her discretion to agree to an order vacating two or more of Holloway's 18 U.S.C. § 924 convictions." *Id.* The district court explained that based on the harsh consequences of the then-mandatory guidelines requiring consecutive sentences, Holloway received a sentence far greater than he would likely get today—indeed, he "would likely have fared better if he had committed murder." *Id.* at 313. After much consideration, the prosecutor agreed to move to vacate two of Holloway's § 924 convictions. *Id.* at 315. In support of that decision, the prosecutor cited Holloway's "extraordinary" record in prison, involving "the mildest of disciplinary records" and taking advantage of educational opportunities, and the fact that the victims in the case supported an earlier release. *Id.* The district court granted the motion and agreed to resentence Holloway on the remaining counts. *Id.* at 315-17.

Hendrix asks for the same type of relief that was granted in *Holloway*, arguing that he has a good prison record and would likely receive a lower sentence

today. But "the one consistent theme for the Courts that have addressed the *Holloway* decision is that unless the government acquiesces to the reduction, there is no jurisdiction for the district court to reduce the defendant's sentence." *Whitt*, 2017 WL 5257709, at *3 (collecting cases); *see also Acuna v. United States,* 2016 WL 3747531, at *3 (D. Hawaii July 8, 2016) ("Holloway is contingent on the Government's acquiescence"); *United States v. Smith*, 2017 WL 2889307, at *2 (M.D. Fla. July 7, 2017) ("Mr. Holloway would not have been eligible for relief without the government's agreement, and the government has not agreed to any such reduction in this case."). Indeed, the *Holloway* court itself recognized the importance of the government's agreement to its resentencing. 68 F. Supp. 3d at 315-16 ("the significance of the government's agreement is already clear: it has authorized me to give Holloway back more than 30 years of his life"). It noted that "[t]here are no floodgates to worry about; the authority exercised in this case will be used only as often as the Department of Justice itself chooses to exercise it." *Id.* at 316.

Here, the government has opposed Hendrix's motion. The government's acquiescence is a necessary condition under *Holloway*, and absent bilateral agreement, the Court lacks jurisdiction to consider Hendrix's request. The Court therefore denies Hendrix's motion. *See, e.g.*, *Whitt*, 2017 WL 5257709, at *3 ("even if the Court broadly interpreted *Holloway* and determined it had some basis for

application here, this Court has no authority to grant Whitt's entreaty for mercy, absent the Government's agreement").[1]

## Conclusion

Based on the foregoing reasons, Hendrix's motion for reduction of sentence (R. 13) is denied.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: February 27, 2018

---

[1] At this stage, Hendrix's only potential recourse is to make a separate request of the U.S. Attorney's Office to consider pursuing a joint motion to reduce his sentence.